NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 5 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10571 |
| Plaintiff - Appellee, | D.C. No. 1:12-cr-00994-LEK-1 |
| v. | |
| ANDREW AGARD, | ORDER[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted February 17, 2015
Honolulu Hawaii

Before: TASHIMA, N.R. SMITH, and FRIEDLAND, Circuit Judges.

In September 2012, Andrew Agard pled guilty to one count of Filing a False Income Tax Return. His plea agreement stipulated that the relevant conduct would be limited to tax years 2005-2007. Prior to sentencing, the government provided the probation officer with information for tax years 2002-2004, and the information for those years was incorporated as relevant conduct into the final presentence

---

[*] This order is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

investigative report. At sentencing, the judge included 2002-2004 as relevant conduct for calculating Agard's sentence and restitution. Agard now appeals his sentence, arguing that the government breached the plea agreement by providing the information for 2002-2004 to the probation officer.

Because, on the record before us, we are unable to determine whether the information for tax years 2002-2004 was volunteered by the government or requested by the probation officer (or another representative of the court), we remand to the district court for the limited purpose of making supplementary findings on this question. *See United States v. Allen*, 434 F.3d 1166, 1175-76 (9th Cir. 2006).

In doing so, we recognize that Agard does not seek rescission of the plea agreement or specific performance as a remedy for the alleged breach. Instead, Agard asks us to decrease the amount of restitution the district court ordered and to strike the information for tax years 2002-2004 from the presentence investigation report. We cannot provide the relief that Agard seeks. The only remedies available if Agard shows that the government breached the plea agreement are rescission or specific performance of the plea agreement. *Brown v. Poole*, 337 F.3d 1155, 1161 (9th Cir. 2003) ("The two available remedies are rescission of the agreement and specific performance."). Were we to grant specific performance, we would be required to vacate Agard's sentence in its entirety and remand for a new

2

sentencing hearing before a different district judge.  *See Santobello v. New York*, 404 U.S. 257, 262-63 (1971).

The parties shall promptly notify the Clerk of this Court when the district court has decided the remanded issue.  *Cf.* Fed. R. App. P. 12.1(b).  This panel retains jurisdiction of this case.

**LIMITED REMAND.**